UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE MCCULLOM,<br><br>   Plaintiff,<br><br>   vs.<br><br>MERCED COUNTY SHERIFF'S DEPARTMENT,<br><br>   Defendant. | **1:23-cv-00429-GSA-PC**<br><br>**ORDER RE PLAINTIFF'S MOTION FOR COURT ORDER**<br><br>**(ECF No. 8.)** |

Kevin Lee McCollum ("Plaintiff") is a prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 16, 2023.[1] (ECF No. 1.)

Plaintiff is housed at the John Latorraca Correctional Center in Merced, California, in the custody of the Merced County Sheriff. On April 3, 2023, Plaintiff filed a motion for the Court to order Merced County Sheriff Vernon H. Wranke to stop denying Plaintiff copies of his legal

---

[1] Plaintiff's Complaint lacked his signature and has been stricken by the Court. On March 23, 2023, Plaintiff was granted leave to file an amended complaint bearing his signature. (ECF No. 5.)

1  documents. (ECF No. 8.)  Plaintiff alleges that he is being denied access to a law library to
2  conduct legal research, copies of local rules, a computer, copies of documents, paper, pencils and
3  ink pen fillers.  He also alleges that he does not have access to a non-collect telephone line out
4  of the facility, which he is entitled to as a *pro se* pretrial detainee.  Plaintiff alleges that there is
5  no law library at the facility where he is housed and contends that he should be provided access
6  to the Merced County Sheriff's Department legal research laptop computer.

7  Plaintiff may be aware of 15 CCR § 3123(b), which provides that "inmates, regardless of
8  their classification or housing status, shall be entitled to physical law library access that is
9  sufficient to provide meaningful access to the courts. Inmates on PLU status may receive a
10 minimum of 4 hours per calendar week of requested physical law library access, as resources are
11 available, and shall be given higher priority to the law library resources. Inmates on PLU status
12 may receive a minimum of 2 hours per calendar week of requested physical law library access,
13 as resources are available.  (Cal. Code Regs., tit. 15, § 3123 (Lexis Advance through Register
14 2023, No. 18, May 5, 2023)).  However, California regulations under Title 15 do not create a
15 private right of action. See Thurman v. Bayshore Transit Mgmt., Inc., 203 Cal.App.4th 1112,
16 138 Cal. Rptr. 3d 130, 146-47 (2012), *abrogated on other grounds by* ZB, N.A., and Zions
17 Bancorporation v. Superior Court, 8 Cal.5th 175, 252 Cal.Rptr.3d 228, 448 P.3d 239 (2019)
18 (statutory language or legislative history must clearly indicate an intent to create a private right
19 of action)." Nible v. Fink, No. 19-55890, 828 F. App'x 463, 2020 WL 6441171, at *1 (9th Cir.
20 Nov. 3, 2020) (unreported).  Therefore, Plaintiff cannot bring a claim in his § 1983 case for
21 violation of his rights to the law library under 15 CCR § 3123(b).

22 However, prisoners do have a First Amendment right of access to the courts.  Diaz v.
23 Madden (S.D.Cal. Feb. 22, 2021, No. 3:20-cv-02147-GPC-BGS) 2021 U.S.Dist.LEXIS 32599,
24 at *19 (citing see Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606
25 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Jones v.
26 Williams, 791 F.3d 1023, 1035 (9th Cir. 2015)). Prison officials must "assist inmates in the
27 preparation and filing of meaningful legal papers by providing [them] with adequate law libraries
28 or adequate assistance from persons trained in the law." Id. (quoting Bounds, 430 U.S. at 828).

2

But this right does not require a particular methodology. Id. (citing Lewis, 518 U.S. at 356). It guarantees the "*capability* of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. (emphasis added). The right is further limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Id. (citing Lewis at 354. It does "not create an abstract, freestanding right to . . . legal assistance," Lewis at 351, and does not "guarantee inmates the wherewithal to transform themselves into litigating engines," id.

The threshold requirement for any claim based on the denial of access to court is the allegation of an "actual injury." Id. (quoting see Lewis, 518 U.S. at 351-53; Silva, 658 F.3d at 1104. "[A]ctual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge")).

Here, Plaintiff fails to allege facts sufficient to plausibly show that any of the Merced County officials personally frustrated or hindered him in any litigating opportunity yet to be gained with respect to his direct criminal appeal or any non-frivolous habeas petition or civil rights suit, or caused him to lose any non-frivolous case yet to be tried. Id. (citing Christopher, 536 U.S. at 412-15; Silva, 658 F.3d at 1102). Therefore, Plaintiff fails to state a claim for denial of access to courts.

Nor has Plaintiff stated an access to courts claim for failure to provide stationery and writing implements, because he has not shown that without the supplies, he lacked meaningful access to the courts. He has not shown any injury in his ability to litigate this or any other lawsuit as a result of Merced County Sheriff's actions regarding office supplies. See Washington v. Cambra, No. C 95 3137 TEH, 1996 U.S.Dist.**LEXIS** 12787, 1996 WL 506828, at *2 (N.D. Cal. Aug. 27, 1996) (holding on summary judgment that "[n]one of plaintiff's documents show that defendants' refusal to give him free office supplies impeded his ability to present his legal claims to the courts"); Longhi v. Buffington, No. C-93-4096 EFL, 1994 U.S.Dist.**LEXIS** 2555, 1994 WL 72208, at *2 (N.D. Cal. Feb. 28, 1994) ("Although plaintiff alleges that defendants Marriot and Whitford refused to provide envelopes, plaintiff has made no showing of actual injury. In

fact, and importantly, plaintiff has filed a complaint and two motions in this case, indicating that he has been able to access the courts (ECF. Nos 1,7 &8), and all that Plaintiff needs to do for the court to consider his complaint is to file an amended complaint limited to 25 pages, with his signature attached, and either pay the filing fee or submit an application to proceed in forma pauperis (see, below).

Plaintiff is also advised that he has no protected liberty interest in possessing personal computers or similar items which are capable of accessing the internet in their cells. Id. (citing Cerniglia v. Price, No. 1:17-cv-00753-AWI-JLT (PC), 2017 U.S. Dist. LEXIS 178704, 2017 WL 4865452, at *3-4 (E.D. Cal. Oct. 27, 2017) (citing Endsley v. Luna, No. CV 06-04100 DSF (SS), 2008 U.S. Dist. LEXIS 78327, 2008 WL 3890382, at *3 (C.D. Cal. May 23, 2008)); cf. Davis v. Small, 595 Fed. Appx. 689, 691 (9th Cir. 2014) (The Due Process Clause itself does not "give rise to a protected liberty interest in . . . phone . . . privileges.")).

Plaintiff is informed that until he submits a complaint bearing his signature and resolves payment of the filing fee for this case, the Court cannot screen the complaint to determine if Plaintiff states a cognizable claim. Until the screening process is completed and the Court has served the complaint, the Court lacks jurisdiction over defendants and the case cannot move forward.

Plaintiff is therefore advised, if he wishes to pursue this action, to file an amended complaint and submit an application to proceed in forma pauperis or pay the filing fee for this case, as soon as possible, pursuant to the Court's order issued concurrently with this order.

IT IS SO ORDERED.

Dated: **May 30, 2023**           **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE